WENDY J. OLSON (Idaho Bar No. 7634)
United States Attorney
District of Idaho

ROBERT G. DREHER
Acting Assistant Attorney General
Environment & Natural Resources Division

JULIA S. THROWER (CA Bar No. 253472)
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
301 Howard Street, Suite 1050
San Francisco, CA 94105
Tel: (415) 744-6566  Fax:  (415) 744-6476
E-mail:  julie.thrower@usdoj.gov

*Attorneys for Defendants*

UNTED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VALLEY COUNTY, IDAHO,<br><br>         Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>         Defendants. | Case No: 1:11-cv-00233-BLW<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS FILED ON JULY 15, 2013 (ECF No. 85-1) |

**Prefatory Note**

The National Environmental Policy Act ("NEPA"), the statute underlying Plaintiff's claims, do not provide for a private right of action against the United States; therefore, the causes of action for Plaintiff challenges under NEPA is provided by the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, and subject to the APA's standard of review. *See, e.g., Native Ecosystems Council v. Dombeck*, 304 F.3d 886, 891 (9th Cir. 2002). Judicial review of federal agency actions under the APA, even in the context of a summary judgment motion, does not call for this Court to make factual findings on the merits of the challenged agency decisions or to determine the existence of genuine issues of disputed material facts. Rather, the Court's task is to review the administrative records that were before the federal agencies at the time they made the challenged decisions and determine whether, as a matter of law, the administrative records support the agencies' decisions or whether the agencies' decisions are arbitrary, capricious or otherwise contrary to law. 5 U.S.C. § 706.

Because the Court's role is to determine whether the Defendants' decision is supported by the administrative record, the Court need not, and should not, "find" facts. All facts necessary for resolution of this case on the pending cross-motions for summary judgment are the facts set forth in the administrative records before the Court. Defendants submit this response to Plaintiff's Statement of Facts to comply with Local Civil Rule 7.1, however, this submission, and any response by Plaintiff, should be viewed as the parties' summary and characterization of materials in the administrative records that support their legal arguments under the APA standard of review. The paragraphs in this response correspond to the paragraphs in Plaintiff's Statement of Facts (ECF No. 85-1).

1.      Defendants do not dispute the statement in Plaintiff's Statement of Fact ("SOF") #1. The statement, however, is not material to the Court's review of the Forest Service's

("Agency") action.

2.      Defendants do not dispute the statement in Plaintiff's SOF #2, but clarify that Valley County covers 40 percent of the Payette National Forest. The statement in Plaintiff's SOF #2, however, is not material to the Court's review of the Agency's action.

3.      The statement in Plaintiff's SOF #3 is a legal conclusion. Defendants dispute the statement on that basis. The statement in Plaintiff's SOF #3, however, is not material to the Court's review of the Agency's action.

4.      In response to the statement in Plaintiff's SOF #4, Defendants are without knowledge as to Valley County's interests and activities, and thus dispute the statement on that basis. The statement in Plaintiff's SOF #4, however, is not material to the Court's review of the Agency's action.

5.      In response to the statement in Plaintiff's SOF #5, Defendants are without knowledge of the basis for which Valley County filed this suit, and thus dispute the statement on that basis. Defendants do not dispute that the suit challenged the October 2008 Record of Decision for the McCall and Krassel Ranger Districts Snow-free Season Travel Management Plan. Defendants clarify that the cited document does not reference the January 8, 2009 Appeal Decision. The statement in Plaintiff's SOF #5, however, is not material to the Court's review of the Agency's action.

6.      Defendants do not dispute the statements in Plaintiff's SOF #6. The statement in the second sentence of Plaintiff's SOF #6, however, is not material to the Court's review of the Agency's action.

7.      Defendants admit that the 1988 Payette National Forest Land and Resource Management Plan ("Forest Plan") and Forest Travel Map (and the annual Backroads Map) governed the use of motorized roads within the Payette National Forest ("Forest") until

2003. In 2003, the 1988 Forest Plan was revised and superceded by the current Forest Plan. FS20801. The 1995 Travel Map, as updated annual by the Backroads Map, guided travel management until the 2008 Payette Travel Management Plan decision. *See* FS33971-72 (1995 Travel Plan Map); FS33974-981 (Backroads Map).

8. Defendants dispute the statement in Plaintiff's SOF #8. The 2005 regulations were not in effect at the time the 1988 Forest Plan was issued. The operative definition of a road at the time of the 1988 Forest Plan is found in the 1988 Forest Plan, which defines a road as "[a]ny imprint on the land made for or by a four wheeled vehicle on the land made for or by a four wheeled vehicle over 40 inches in width that will exist for longer than one year." The definition of "road" as found in 36 C.F.R. § 212.1 (2005) is inaccurately quoted and incomplete. The 2001 regulations were revised in November 2005, under the Forest Service's 2005 Travel Management Rule. *See* FS08463. The definition of road in the revised regulations is "[a] motor vehicle route over 50 inches wide, unless identified and managed as a trail." 36 C.F.R. § 212.1 (2005).

9. Defendants dispute the statement Plaintiff's SOF #9. The 2005 regulations were not in effect at the time the 1988 Forest Plan was issued. The operative definition of a road at the time of the 1988 Forest Plan was issued did not include the term "classified" to describe roads. The term "classified" was removed in the Forest Service's revision to the 2001 regulations under the 2005 Travel Management Rule. *See* 36 C.F.R. § 212.1 (2005).

10. Defendants dispute the statement in Plaintiff's SOF #10. The 2005 regulations were not in effect at the time the 1988 Forest Plan was issued. The operative definition of a road at the time of the 1988 Forest Plan did not include the term "unclassified" to describe roads. The term "unclassified" was removed in the Forest Service's revision to the 2001 regulations under the 2005 Travel Management Rule. *See* 36 C.F.R. § 212.1 (2005).

11.     Defendants do not dispute the statement in Plaintiff's SOF #17, but clarify that the cited material only refers to areas, and not areas and roads, within the non-wilderness management areas. The statement in Plaintiff's SOF #11, however, is not material to the Court's review of the Agency's action.

12.     Defendants dispute Plaintiff's SOF #12. Forest travel maps were issued prior to 1988. The statement in Plaintiff's SOF #12, however, is not material to the Court's review of the Agency's action.

13.     Defendants' do not dispute the statement in Plaintiff's SOF #13. While the Agency may have considered the 1995 Forest Visitor/Travel Map in its decision, the statement in Plaintiff's SOF #13, however, is not material to the Court's review of the Agency's action.

14.     Defendants' dispute the statement in Plaintiff's SOF #14. The first Backroads map is dated 1997-1998. There is no Backroads Map for 1996. The citations to the administrative record refer to Backroads Maps dated 2001, *see* FS34007, and 2004. *See* FS33974. The statement in Plaintiff's SOF#4, however, is not material to the Court's review of the Agency's action.

15.     Defendants do not dispute the statement in Plaintiff's SOF #15. While the Agency may have considered the Backroads Guide in its decision, the statement in Plaintiff's SOF, however, is not material to the Court's review of the Agency's action.

16.     Defendants do not dispute the statement in Plaintiff's SOF #16, but clarify that the 2003 Forest Plan allowed for smaller, incremental analyses and decisions as well as a comprehensive Forest-wide analysis. FS18371.

17.     Defendants' do not dispute the statement in Plaintiff's SOF #17.

18.     With response to the statement in Plaintiff's SOF #18, Defendants' do not dispute

that the quoted text appears in the cited document.  Defendants' dispute the characterization of the document.  The document does not define the scope of work, nor does the scope of work exclude analysis of all unclassified (or unauthorized) roads.  *See* FS00145-46.  The scope of work is defined in the Final Environmental Impact Statement for the Payette Travel Management Plan.  *See* FS18373 (stating that the "scope includes analysis of . . . unauthorized routes proposed for use . . .").

19. Defendants do not dispute the statement in Plaintiff's SOF #19, but clarify that the proposed Travel Management Rule was issued on July 7, 2004.  *See* FS00386.

20. Defendants do not dispute the statement in Plaintiff's SOF #20, but clarify that the reference to FS00200 refers to the legal notice, not the notice of intent.  The notice of intent is found at FS00186.

21. Defendants do not dispute the statement in Plaintiff's SOF #21.

22. Defendants dispute the statement in Plaintiff's SOF #22.  While the cited documents do not include the mileage of "unclassified" or unauthorized roads for each management areas, the documents display the acreage of areas available from cross-country motor vehicle travel under the existing condition and the proposed action, which include all unauthorized routes in open areas.

23. Defendants do not dispute the statement in Plaintiff's SOF #23.

24. In response to the statement in Plaintiff's SOF #24, Defendants do not dispute that the quoted text is found in the cited document.  Defendants clarify that the document is referencing the 2001 travel management regulations.  *See* 36 C.F.R. § 212.1 (2001).  The 2005 Travel Management Rule removed the terms "classified road" and "unclassified road" from its definition of road.  *See* 36 C.F.R. § 212.1 (2005); FS08521-522; FS8566-569.

25. Defendants do not dispute the statement in Plaintiff's SOF #25.

26. Defendants do not dispute the statement in Plaintiff's SOF #26.

27. Defendants do not dispute the statement in Plaintiff's SOF #27, but clarify that the 2005 Travel Management Rule governing wheeled motor vehicle use requires designation of roads, trails, and areas that are open to motorized use, and prohibits use off the designated system. 36 C.F.R. Pt. 212, Subpart B. The 2005 Travel Management Rule does not "close" any roads, trails, or areas.

28. Defendants do not dispute the statement in Plaintiff's SOF #28.

29. Defendants do not dispute the statement in Plaintiff's SOF #29, but clarify that the statement refers to the Record of Decision for the McCall and Krassel Ranger Districts Snow-free Season Travel Management Plan.

30. Defendants do not dispute the statement in Plaintiff's SOF #30. The quoted text is found at FS08482.

31. Defendants do not dispute the statement in Plaintiff's SOF #31.

32. Defendants do not dispute the statement in Plaintiff's SOF #32.

33. Defendants do not dispute that the quoted text in Plaintiff's SOF #33 is found in the cited document.

34. Defendants do not dispute the statement in Plaintiff's SOF #34.

35. Defendants do not dispute that statement in Plaintiff's SOF #35. Defendants clarify that it is not necessary to close unclassified or unauthorized routes with a special order or decision under the National Environmental Policy Act. Defendants also clarify that the administrative record contains a special order closing system roads and trails, which is found at FS17350.

36. In response to the statement in Plaintiff's SOF #36, Defendants do not dispute that the quoted text appears in the cited document. Defendants dispute the characterization of

the cited document.  The quoted text does not describe the status of unclassified or unauthorized roads as open or closed to motor vehicle use.  The quoted text describes the unauthorized roads as restricted to non-motorized use in the <u>action alternatives</u>, unless proposed for designated motor vehicle use.

37.     Defendants dispute that statement in Plaintiff's SOF #35.  The description of unclassified roads as "unauthorized" was not inaccurate because it is not necessary to close unclassified or unauthorized routes with a special order or decision under the National Environmental Policy Act.  Defendants also clarify that the administrative record contains a special order closing system roads and trails, which is found at FS17350.

38.     Defendants do not dispute that statement in Plaintiff's SOF #38.

39.     In response to Plaintiff's SOF #39, Defendants do not dispute that the quoted text appears in the administrative record.  The correct citation is FS18376.

40.      Defendants do not dispute the statement in Plaintiff's SOF #40.

41.     Defendants do not dispute the statement in Plaintiff's SOF #41.

42.     Defendants do not dispute the statement in Plaintiff's SOF #42.

43.     Defendants do not dispute the statement in Plaintiff's SOF #43, but clarify that the definition of "indicator" in the FEIS is as "a way or device for measuring effects from management alternatives on a particular resource or issue."  FS18857.

44.     In response to the statement in Plaintiff's SOF #44, Defendants do not dispute that five of the eight indicators for soil and water resources measure miles of designated motorized roads or designated motorized trails.  Defendants dispute that no indicators exist for non-motorized or unclassified/unauthorized roads.  Effects of unclassified or unauthorized roads were considered under Indicators #1 and #2.  FS18556.  These two indicators cover the effects of motor vehicle use on unauthorized roads that occur in areas

that are open to cross-country motor vehicle travel. Effects to soil and water resources from non-motorized trails are covered directly. FS18581-582, and through Indicators #1 and #2 throughout the effects analysis. FS18582-618.

45.     In response to the statement in Plaintiff's SOF #45, Defendants do not dispute that the FEIS acknowledges a total of 972 miles of inventoried unauthorized roads that are listed by management area. Defendants do not dispute the contents of Plaintiff's Exhibit 2. Defendants dispute that the inventoried unclassified roads were prematurely called unauthorized roads in the FEIS. The definition of unclassified or user-created route changed to unauthorized with the publication of the 2005 Travel Management Rule on November 9, 2005, approximately two years before issuance of the FEIS in 2007. *See* 36 C.F.R. § 212.1 (2005); FS08463.

46.     In response to the statement in Plaintiff's SOF #46, Defendants do not dispute that the FEIS does not list the mileage of inventoried unauthorized routes in the description of the existing conditions for the soil and water resources effects analysis, but clarify that the unauthorized routes (inventoried and uninventoried) are considered in the existing condition under the acres open to cross-country motor vehicle travel. FS18556-580. The inventoried unauthorized routes are discussed in the cumulative effects section for each management area. FS18580-618.

47.     Defendants dispute the statement in Plaintiff's SOF #47. The FEIS describes the environmental impacts of unauthorized routes through the indicators of percent and acres open to cross-country motor vehicle travel. FS18556-559. The inventoried unauthorized roads are further discussed in the cumulative effects section for each management area. FS18580-618.

48.     Defendants dispute the statement in Plaintiff's SOF #48. Unauthorized

routes through the indicators of percent and acres open to cross-country motor vehicle travel. The inventoried unauthorized roads are further discussed in the cumulative effects section for each management area. FS18580-618.

49.     Defendants do not dispute the statement in Plaintiff's SOF #49.

50.     In response to the statement in Plaintiff's SOF #51, Defendants do not dispute that the quoted text appears in cited document. The remaining portion of the statement in Plaintiff's SOF #51 is not a fact, but Plaintiff's characterization of the quoted text. Defendants dispute the characterization of the quoted text.

51.     The statement in Plaintiff's SOF #51 is not a fact, but Plaintiff's legal conclusion as to the adequacy of the Agency's decision. As such, Defendants dispute the statement in Plaintiff's SOF #51.

Respectfully submitted this 28th day of August 2013.

> WENDY J. OLSON (Idaho Bar No. 7634)
> United States Attorney
> District of Idaho
>
> ROBERT G. DREHER
> Acting Assistant Attorney General
> Environment & Natural Resources Division
>
>  /s/   Julia Thrower
> JULIA S. THROWER (CA Bar No. 253472)
> Trial Attorney
> United States Department of Justice
> Environment & Natural Resources Division
> 301 Howard Street, Suite 1050
> San Francisco, CA94105
> Tel: (415) 744-6566  Fax: (415) 744-6476
> E-mail: julie.thrower@usdoj.gov
>
> *Attorneys for Defendants*

Of Counsel:
Kenneth Paur
USDA Office of General Counsel
Ogden, UT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of August 2013, I filed the foregoing electronically with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

>Preston N. Carter
>prestoncarter@givenspursley.com
>
>Daniel V. Steenson
>dan@sawtoothlaw.com; katie@sawtoothlaw.com
>
>Jay J. Kiiha
>jay@kiiha.com
>
>David P. Claiborne
>david@sawtoothlaw.com
>
>Syrena Case Hargrove
>syrena.hargrove@usdoj.gov; pamela.bearg@usdoj.gov;
>becky.early@usdoj.gov; anglea.nyland@usdoj.gov
>
>David R. Lombardi
>drl@givenspursely.com; lkb@givenspursley.com
>
>Matthew C. Williams
>mwilliams@co.valley.id.us

>>/s/    Julia Thrower
>>Julia S. Thrower
>>Attorney for Defendants