# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VALLEY COUNTY, IDAHO<br><br>    Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, an agency of the United States; TOM VILSACK, in his capacity as Secretary of Agriculture of the United States; UNITED STATES FOREST SERVICE, an agency within the Unites States Forest Department of Agriculture; TOM TIDWELL, in his capacity as Chief of the United States Forest Service; HARVEY FORSGREN, in his capacity as Regional Forester for the Intermountain Region of the United States Forest Service; BRENT L. LARSON, in his capacity as Forest Supervisor of the Caribou-Targhee National Forest; and KEITH LANNOM, in his capacity as Forest Supervisor for the Payette National Forest,<br><br>    Defendants. | Civil Action No. 1:11-cv-233-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
| IDAHO RECREATION COUNCIL, an Idaho non-profit corporation; CHRIS and LOIS SCHWARZHOFF, husband and wife;<br><br>    Plaintiffs,<br>v.<br><br>UNITED STATES FOREST SERVICE, a federal agency within the Department of Agriculture; SUZANNE C. RAINVILLE, Forest Supervisor, Payette National Forest; and BRANT PETERSEN, District Ranger, Krassel Ranger District, Payette National Forest,<br><br>    Defendants. | Consolidated Case: 1:09-cv-275-BLW |

**Memorandum Decision & Order – page 1**

## INTRODUCTION

The Court has before it a motion to reconsider filed by Valley County, and motions to intervene filed by Adams County, Idaho County, and Washington County. For the reasons explained below, the Court will (1) grant the motion to reconsider; (2) grant the motions to intervene filed by Adams County and Idaho County; and (3) deny the motion to intervene filed by Washington County.

## LITIGATION BACKGROUND

The Payette National Forest (PNF) issued a Final Environmental Impact Statement (2007 FEIS) and Record of Decision (2008 ROD) that purported to evaluate the environmental conditions of unauthorized roads without actually examining the roads themselves. These decisions affected all thirteen of the Management Areas within the PNF.

After receiving public criticism for this failure, the PNF conducted a focused Environmental Assessment (EA) of two of the thirteen Management Areas in 2010. In that 2010 EA – a study that was tiered to the 2007 FEIS – the PNF conducted the specific environmental evaluation of unauthorized roads that was missing from the 2007 FEIS.

In addressing a challenge to all of these agency actions, the Court held that the 2007 FEIS violated NEPA because it used an undisclosed proxy method to substitute for examining the roads themselves. *See Memorandum Decision (Dkt. No. 107).* The 2010 EA, however, satisfied NEPA because it abandoned the proxy method and actually examined the roads at issue, at least in the two Management Areas it studied. *Id.*

The Court's decision required the PNF to conduct a new study on all but two of the thirteen Management Areas – the two areas that had been properly evaluated by the 2010 EA were Management Areas 12 and 13. The Court's decision did not resolve the remedy issue, but urged the parties to reach some resolution. If the parties were unable to agree, the Court would resolve the remedy issue after receiving further briefing. But before the remedy issue can be resolved, the Court must first resolve the pending motions.

## ANALYSIS

### Motion to Reconsider

Valley County asks the Court to reconsider its earlier decision and hold that the 2010 EA violates NEPA. The effect of such a reconsideration would be to require that Management Areas 12 and 13 be reevaluated by the PNF along with the other eleven Management Areas.

In an argument not made in the prior briefing, Valley County cites *Kern v. BLM*, 284 F.3d 1062 (9th Cir.2002) for the proposition that an EA violates NEPA if it is tiered to a flawed EIS, even if the EA corrects the flaw in the EIS. In *Kern*, the Circuit reviewed an EIS and EA evaluating a timber sale in Oregon. The EIS failed to evaluate the possibility that new timber-hauling roads could allow a deadly root fungus to spread and kill Cedar trees. *Id.* at 1067-68. A subsequent EA did evaluate this threat, but only focused on part of the area that would be logged. The EA was tiered to the EIS, and both studies were tiered to Guidelines that discussed the fungus threat on a broad-scale basis but without NEPA review.

**Memorandum Decision & Order – page 3**

The Circuit held that the EIS violated NEPA because (1) it failed to discuss the fungus threat, and (2) it was tiered to the Guidelines that had never been subjected to NEPA review. *Id.* at 1073. Turning next to the EA, the Circuit held that because it was tiered to both the EIS and the Guidelines, the EA would be struck down unless "standing alone" it satisfied NEPA. *Id.* at 1075. The Circuit held that the EA could not stand alone because it evaluated the fungus threat on only a portion of the area logged, and NEPA requires a stand-alone EA to conduct a cumulative impacts analysis: "If, as is the case here, there is no analysis in the EIS, the scope of the required analysis in the EA is correspondingly increased." *Id.* at 1078. That "increased scope" required a cumulative impact analysis taking into account the impacts in the EA's study area combined with planned logging in adjacent areas. *Id.* The EA did not conduct such a broad ranging analysis and hence could not "stand alone."

*Kern* applies here and requires reconsideration of the Court's earlier decision. Under *Kern,* the 2010 EA – tiered to the 2007 FEIS that violates NEPA – survives only if "standing alone" it satisfies NEPA. *Kern* requires that to stand alone, the 2010 EA must conduct a cumulative impacts analysis that evaluates impacts beyond Management Areas 12 and 13. The 2010 EA contains no such cumulative impact analysis. Accordingly, the 2010 EA cannot pass muster under NEPA. The Court will therefore grant Valley County's motion to reconsider and add Management Areas 12 and 13 to the other eleven Management Areas that the PNF must re-evaluate.

**Motion to Intervene**

Three counties – Adams, Idaho, and Washington – seek to intervene in this case. Two of the counties – Adams and Idaho – have land within the area evaluated under the 2007 EIS. The Court finds that with respect to those two counties, they meet all the qualifications for permissive intervention. *Arakaki v. Cayetano,* 324 F.3d 1078 (9th Cir. 2003). As they recognize in their briefing, this allows them to comment only on the remedies for the established NEPA violations contained in the 2007 EIS, 2008 ROD, and 2010 EA – this does not open the door for them to challenge other environmental reviews that pertain to land within their boundaries. Moreover, the Court will not allow any repetitive briefing from these two counties – their briefing must be strictly limited to concerns unique to their counties and not already covered by Valley County. With those restrictions, the Court will grant permissive intervention to Adams County and Idaho County.

Washington County has no land within the area studied by the 2007 EIS and 2008 ROD. They allege that roads "illegally closed by the ROD may begin or terminate in Washington County" but are not sure. *See Reply Brief (Dkt. No. 123)* at p. 3. Such allegations are not sufficient for intervention and the Court will deny the motion filed by Washington County.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (docket no. 111) is GRANTED, and the Court finds that the 2010 EA and associated FONSI violate NEPA.

IT IS FURTHER ORDERED, that the motion to intervene (docket no. 119) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks permissive intervention for Adams County and Idaho County, with the restrictions set forth in the Memorandum Decision. It is denied to the extent it seeks intervention for Washington County.

DATED: January 5, 2015

B. Lynn Winmill
Chief Judge
United States District Court